SPANG INDUSTRIES, INC., FORT PITT
BRIDGE DIVISION, a corporation,
Plaintiff,

v.

C. J. LANGENFELDER & SON, INC., a
corporation, Defendant.

Civ. A. No. 72-11.

United States District Court,
W. D. Pennsylvania.

Aug. 20, 1973.

William T. Marsh, Butler, Pa., for plaintiff.

C. Arthur Wilson, Jr., Eckert, Seaman, Cherin & Mellott, Pittsburgh, Pa., for defendant.

## OPINION AND ORDER

MARSH, Chief Judge.

The plaintiff, Spang Industries, Inc., Fort Pitt Bridge Division (Fort Pitt), a Pennsylvania corporation, with its principal place of business in Butler, Pennsylvania, brought this diversity action against C. J. Langenfelder & Son, Inc. (Langenfelder), a Maryland corporation, with its principal place of business in Baltimore, Maryland, to recover $46,-007.21 as money had and received. Langenfelder counterclaims for an attorney fee of $11,501.80.

On December 29, 1964, Langenfelder, as general contractor, entered into a contract with the State of West Virginia (State), acting through its State Road Commission, for the construction of three-tenths of a mile of highway and bridges thereon located near Wheeling on a section of Interstate Route 70 (PX G, Exhibit A).

On March 19, 1965, Langenfelder entered into a subcontract with Fort Pitt wherein the latter was to "furnish and deliver structural steel and drainage items in connection with ------- * * * steel superstructures" for the lump sum of $1,164,094.00 (DX 38). The steel was delivered in 1966. However, work on the project had been delayed by the actions and inactions of the representatives of the State Road Commission resulting in extensive damage to Langenfelder and its subcontractor Fort Pitt.

In October and December, 1965, Fort Pitt notified Langenfelder that delays were causing increased costs and it should be reimbursed (DX 32, PX C). In February, 1967, Fort Pitt sent Lan-

genfelder an itemized claim totaling $55,204.01 (PX D). Without admitting its validity, Langenfelder forwarded this claim to the Road Commission (PX E). The damage claims of both Langenfelder and Fort Pitt presented to the Road Commission by Langenfelder proved to be fruitless.

In November, 1967, Langenfelder advised that Fort Pitt's claim would be submitted to the "newly formed" Court of Claims[1] (PX F). By letter dated August 11, 1969, Fort Pitt inquired of Langenfelder as to the status of its claim in the Court of Claims. By letter dated August 13, 1969, Langenfelder replied that the claim would be heard before the Court of Claims and that a hearing date was being awaited (PX H and I). By letter dated October 13, 1969, and mailed October 14th, Langenfelder notified Fort Pitt that the Court of Claims had fixed Monday, October 20th, as a hearing date (PX J). This letter received by Fort Pitt on October 16th or 17th (PX J–1; Tr., pp. 107, 120) stated that Fort Pitt had "not authorized our counsel to represent you insofar as your claims are involved." This was a fact, and Fort Pitt sent its attorney and two witnesses from Butler, Pennsylvania, to Charleston, West Virginia, to attend the hearing on October 20th.

On July 8, 1968, Langenfelder had engaged Frank A. Sinon, Esq., of Harrisburg, Pennsylvania, to file three claims it had against the State. Attorney Sinon engaged Philip J. Graziani, Esq. of Charleston, West Virginia, as associate counsel. It was agreed between Langenfelder and Attorney Sinon that the fee should be 25% contingent upon the recoveries. Messrs. Sinon and Graziani agreed to share the fee equally (DX 2, 3, 4).[2]

The "Petition for Allowance and Payment of a Claim Against the State" at Claim No. 120 was prepared by Attorney Sinon and an associate (PX G). This claim was filed in October, 1968; it alleged total damages of $224,768.11, which included the claim of Fort Pitt for $62,867.98.[3, 4] A copy of this "Petition" was not sent to Fort Pitt (Tr., pp. 103, 106; see letter of Official Reporter, dated Agust 17, 1973, and filed August 20, 1973.)

On October 17, 1968, three days before the hearing, Langenfelder filed an amendment increasing its claim by $366,829.56, or a total claimed loss of $528,729.69 (Tr., pp. 45–46). The amendment is attached to PX G. The amendment had nothing to do with Fort Pitt's claim. Langenfelder was not successful in establishing this increment set forth in the amendment to its claim.

Prior to the hearing, Attorneys Sinon and Graziani interviewed Langenfelder's witnesses. They did not ask to interview Fort Pitt's witnesses (Tr., pp. 107–108). No report was sent to Fort Pitt by Langenfelder's attorneys (Tr., pp. 114–115, 117).

Fort Pitt's two witnesses and Attorney Marsh travelled from Butler, Pennsylvania, to attend the hearing in Charleston, West Virginia, on October 20th; on that day they also visited the law offices of Attorney Graziani and no-

---

1. The West Virginia Act creating the Court of Claims and the rules and regulations of that Court were not cited or offered in evidence.

2. The three claims are identified as D–120, D–121, and D–122. Only D–120 was tried by the Court of Claims. Subsequent to the trial D–121 and D–122 were settled for $325,000; Messrs. Sinon and Graziani received 25% of this amount as their fee (Tr., pp. 31–32).

3. We assume that Langenfelder was authorized to prosecute Fort Pitt's claim al-

though the contract, article 11, does not mention court action but merely states that Langenfelder has the "right" to present subcontractor claims to the "Engineer or Owner" for his decision, which decision shall be final.

4. Langenfelder added to PX D $7,663.97, thus increasing Fort Pitt's claim from $55,204.01 (PX D) to $62,867.98. So far as appears Fort Pitt did not authorize the two items which purported to increase its claim.

tified him and Attorney Sinon that Attorney Marsh would examine Fort Pitt's witnesses at the hearing. There was no objection. At the hearing the next afternoon, Attorney Marsh presented Fort Pitt's claim and examined its witnesses. Subsequently, he submitted a five-page memorandum in support of Fort Pitt's claim to the Court of Claims.

Attorneys Sinon and Graziani opposed the State's motion to dismiss the claims, established the State's liability, conducted legal research, examined Langenfelder's witnesses and prepared memoranda. The hearing lasted three days.

The Court of Claims published its Opinion and Award at D–120 on January 26, 1971 (PX L) and sent a copy to Attorney Marsh (PX M). The Court awarded Langenfelder $145,694.21 and awarded Fort Pitt $46,007.21, a total award of $191,701.42.

On July 7, 1971, the State paid Langenfelder $191,701.42, the total amount awarded by the Court of Claims which included the $46,007.21 which the Court had awarded to Fort Pitt. Langenfelder did not notify Fort Pitt that it had received payment of the award (Tr., p. 115).

After the payment was made, Langenfelder paid its attorney, Frank A. Sinon, Esq., 25% of $145,000 (Tr., pp. 32, 51), which was the contingent fee agreed upon by Langenfelder and its attorney (DX 2, 3, 4). Langenfelder has not paid its attorneys 25% or any sum as compensation for the $46,007.21 awarded to Fort Pitt.

In September, 1971, when Fort Pitt discovered that the State had paid Langenfelder, its Attorney and General Manager went to Harrisburg and called upon Attorney Sinon at his law offices and requested payment to Fort Pitt of $46,007.21. Langenfelder refused to pay this amount or any part thereof to Fort Pitt and has continued in its refusal [5] (Tr., p. 91). As stated, Langenfelder counterclaims for an attorney fee of 25% of $46,007.21, or $11,501.81. Fort Pitt contends that Langenfelder is not entitled to deduct any amount for an attorney fee.

Fort Pitt did not hire or consent to the hiring of Attorneys Sinon and Graziani to represent it in the Court of Claims, nor did it enter into a contract with Langenfelder, or with these attorneys, to pay a 25% contingent attorney fee or any other fee. Fort Pitt was not notified of Langenfelder's 25% contingent fee arrangement with Attorneys Sinon and Graziani until September, 1971 (Tr., pp. 34–35).

It does not appear in the record that Langenfelder's attorneys have ever sent an invoice to or otherwise claimed that Langenfelder owes them a fee with respect to the $46,007.21 award to Fort Pitt. Langenfelder has not paid its attorneys any fee on account of the award to Fort Pitt, nor has it proved any intention so to do.

Neither have Langenfelder's attorneys ever sent an invoice to or otherwise claimed a fee from Fort Pitt with respect to its $46,007.21 award. There is no suggestion that Langenfelder's attorneys intend to sue Fort Pitt for services performed on its behalf,—they have not intervened in this case. It is evident that everything these attorneys did would, of necessity, have been performed to establish Langenfelder's three claims, even if Fort Pitt's claim had not been included in one of them.

At the trial in this court Langenfelder did not prove its attorneys' time records or expenses in connection with work done on behalf of Fort Pitt. The only proof of work performed by these attorneys for Fort Pitt was to include its claim for damages in Petition No. 120

5. The court decided that the defendant's second counterclaim, its motion to interplead Vogt and Conant Company and the pending law suits in Allegheny County and Cleveland, Ohio, are irrelevant and unresolved legal controversies involving these parties. Perhaps these controversies influenced Langenfelder to withhold from Fort Pitt its $46,007.21 award less attorney fee. See also, PX H and I; Tr., pp. 128–129.

(PX G). That petition contained 36 paragraphs and 10 exhibits; only five paragraphs and one exhibit [6] set forth Fort Pitt's claim; the remaining paragraphs and exhibits set forth Langenfelder's claim. Although Langenfelder's attorneys obviously ignored Fort Pitt, nonetheless, we find that their preparation of Petition No. 120 and their handling of Langenfelder's claim (D–120) in the Court of Claims were of some material benefit to Fort Pitt and they expected to be paid.

We do not find that a principal-agent relation, express or implied, existed between the parties as contended by Langenfelder. Apart from including Fort Pitt's claim in the petition (which incidentally saved Langenfelder from being sued by Fort Pitt for damages), the attorneys exclusively served only one master, i. e., Langenfelder (Tr., pp. 33–34).

Since both awards have been distributed by the State to Langenfelder, we do not find that its attorneys have a retaining or charging lien on the fund.

We do not find that Langenfelder is seeking to compel Fort Pitt to pay a part of Langenfelder's indebtedness to the latter's attorneys in violation of the Statute of Frauds as contended by Fort Pitt. As stated, there is no proof that the attorneys have asserted any claim against Langenfelder or have been paid anything on account of the $46,007.21 which Langenfelder received.

We do find that Fort Pitt did not engage or otherwise authorize Messrs. Sinon and Graziani as its attorneys to represent its claim for damages in the Court of Claims.

■ We do find that Langenfelder instructed or otherwise authorized its attorneys to include Fort Pitt's claim for damages in Petition No. 120 presented to the Court of Claims. We conclude that Langenfelder did not undertake to have its attorneys prosecute Fort Pitt's claim gratuitously, but expected that it would be paid for the services its attorneys performed which inured to the benefit of Fort Pitt. In such case, the law will provide a remedy under quasi contractual principles even if a formal agreement was never reached by the parties. P.L.E., Contracts, § 7. "Quasi contractual obligations are imposed by the law for the purpose of bringing about justice without reference to the intentions of the parties." Williston on Contracts, Third Ed. § 3A. Colish v. Goldstein, 196 Pa.Super. 188, 173 A.2d 749 (1961); Cameron v. Eynon, 332 Pa. 529, 532, 3 A.2d 423, 424 (1939). In our opinion Langenfelder is entitled to $4600 as reasonable compensation for its attorneys' limited services on behalf of Fort Pitt.

### Money Received

■ On a similar basis Fort Pitt is entitled to a judgment against Langenfelder to recover Fort Pitt's money received by Langenfelder from the State on July 7, 1971. Recovery in such case is based on a promise implied in law or quasi contract and on the equitable principle that when one receives money belonging to another, in good conscience he ought not to retain it. 58 C.J.S. Money Received § 1 (1948).

No legitimate reason has been advanced by Langenfelder for its failure to pay to Fort Pitt the money awarded to Fort Pitt by the Court of Claims and paid to it by the State, after deducting an attorney fee.[7] Langenfelder has not suggested that the fact that the parties are or may be embroiled in other litigation in other courts is a valid reason for withholding payment. (See f.n. 5, supra.)

It is our opinion that judgment should be entered in favor of Fort Pitt and against Langenfelder for $41,407.21, with interest thereon from July 7, 1971.

This opinion shall be deemed to embody findings of fact and conclusions of law required by Rule 52, Fed.R.Civ.P., 28 U.S.C.A.

An appropriate order will be entered.

---

6. This exhibit included PX D which was prepared by Fort Pitt and sent to Langenfelder.

7. See Langenfelder's brief, and its suggested findings and conclusions.